IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**TARANIS, INC.**                                                                                              **PLAINTIFF**

**VS.**                                                            **CASE NO. 4:24-cv-115-DMB-DAS**

**STEWARD LINK LLC**                                                          **DEFENDANT**

## PROTECTIVE ORDER

To expedite the flow of discovery, facilitate the prompt resolution of disputes over claims of confidentiality and provide protection for confidential materials, upon the joint stipulation of the parties and for good cause shown, IT IS HEREBY ORDERED:

1. **Confidential Information.** For purposes of this Order, Taranis, Inc. ("Taranis") and Steward Link LLC ("Steward Link") (collectively, the "Parties") agree that certain documents and information produced and disclosed in this litigation should be treated as confidential and/or privileged. Documents or information produced or provided by the Parties during the course of discovery in the above-styled case may be designated as "Confidential" so long as the Designating Party has a good faith belief that such document or information is entitled to confidentiality under the terms of this Order.

    a. Without limiting the documents or information which may be designated as "Confidential," the Parties expressly agree that any documents and information produced in this litigation regarding

    their respective customers, including their names, addresses, tax identification numbers, etc., shall be treated as highly confidential and shall not be used or disclosed except as set forth herein.

  b. Unless granted permission to do so by the Court upon proper motion, the Parties shall not directly or indirectly make contact with any of the other Party's customers to discuss this lawsuit, to obtain information about this lawsuit or to seek discovery in this lawsuit.

  c. The restriction in Paragraph 1.b above shall expire on August 30, 2025, or if a Party files a Motion before such date to extend it, upon the disposition of such Motion by the Court.

  2. **<u>Designating Documents and Information as Confidential</u>**. To designate Confidential Information on Documents, after entry of this Order, the Designating Party shall place a legend or stamp with the word "Confidential" upon the Document in a way that brings the designation to the attention of a reasonable examiner, or otherwise puts the Receiving Party(ies) on reasonable notice that it contains Confidential Information.

  3. **<u>Designating Deposition Testimony as Confidential</u>**. A Designating Party may designate deposition testimony as "Confidential Information" by advising counsel of record by letter or email within twenty (20) days of receipt of a copy of the transcript except in the event that a hearing on related issues is scheduled to occur

before the 20-day period is complete, in which case the 20-day notice period will be reduced to three (3) business days after the Designating Party concludes that such designation is necessary in light of the upcoming hearing.

    4.    **Limited Disclosure of Information.** All documents, testimony and other materials, or portions thereof, designated as CONFIDENTIAL under this Protective Order and the contents of all such materials, as well as any duplicates, notes, memoranda and other documents referring in whole or in part to such CONFIDENTIAL INFORMATION shall be maintained in the strictest confidence by the Receiving Party(ies). Receiving Parties shall not disclose such information to any person for any purpose other than for the purpose of pursuing claims or defenses in this litigation. Access to CONFIDENTIAL INFORMATION shall be restricted to the following people:

    a.    Taranis;

    b.    Steward Link;

    c.    counsel for the Parties and their employees who are actively engaged in the conduct of this litigation;

    d.    the Court and its officers (including court reporters);

    e.    persons who are expressly retained by the Parties' counsel to assist in the preparation of this litigation for trial, including but not limited to the experts;

    f.    witnesses providing testimony by deposition or at any court proceeding in this case;

      g.    witnesses, irrespective of whether they are providing testimony in any setting, if they were an author, recipient, accessed, received, reviewed, transmitted, or otherwise used the Confidential Information prior to this litigation;

      h.    regulatory authorities if required by such regulatory body.

      5.    Certification to Abide by Protective Order. Before disclosing Confidential Information to those persons specified in paragraphs 4(b) and 4(f) hereof, counsel shall first give a copy of this Protective Order to such persons who shall read this Protective Order and be fully familiar with the provisions hereof and agree to abide thereby, by signing a copy of the certification attached hereto as Exhibit A. Each original executed Agreement shall be maintained in the files of the Recipient and shall be available for review by counsel for the Designating Party upon reasonable notice. With respect to those persons specified in paragraph 4(c), Confidential Information may be disclosed by the non-designating party only during the course of the deposition or at trial, or at witness preparation meeting with counsel of record for one of the parties prior to the witness's testimony at his/her deposition or at trial.

      6.    **Disputes Concerning Designation(s) of Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any Receiving Party. In the event any party to this action disagrees at any stage of the proceedings with the designation of information as confidential, the Objecting Party shall first try to resolve the matter on an informal basis. If the dispute cannot be resolved informally, the Designating Party may apply for

appropriate relief from this Court to maintain the designation of Confidential. The following procedure shall apply to any such challenge.

      a. **Meet and Confer.** The Objecting Party who challenges the designation of (or failure to designate) Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the Objecting Party must explain the basis for the belief that the confidentiality designation was improper and must give the Designating Party an opportunity to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The Designating Party must respond in writing to the challenge within five (5) business days.

      b. **Judicial Intervention.** Thereafter, if the Designating Party elects to maintain the designation, the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the designation. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

      7. **Filing Under Seal.** In the event a party believes it is necessary to include Confidential Information in a filing or exhibit to a filing with the Court, the party including such Confidential Information must first file a motion to file that filing or exhibit under seal, in conformance with Local Rule 79.

8. **Inadvertent Failure to Designate.** An inadvertent failure to designate Confidential Information shall not be construed as a waiver, in whole or in part, and may be corrected by the Designating Party by written notification to the Receiving Parties within 20 calendar days of the production of the material.

9. **Use of Confidential Information.** Confidential Information shall be used only in connection with these proceedings, the terms of this Agreement and any appeals arising therefrom. No Confidential Information may nor shall be disclosed to any other person, party, entity, agency print or electronic media, or anyone outside this proceeding for any purpose. All information designated as CONFIDENTIAL under this Protective Order shall be used only for purposes of this litigation, and not for purposes of any other litigation or for any other technical, commercial or business advantage.

10. **Publicly Disclosed Information.** Nothing herein shall be regarded as precluding the use of information in a document designated CONFIDENTIAL under this Protective Order which: is public at the time of disclosure or thereafter becomes public; or is or has been lawfully acquired by the receiving party from a source other than from the testimony or documents or other material designated CONFIDENTIAL under this Protective Order. In any dispute regarding whether information from a confidential document has fallen into the public domain, the burden of proving that the information is not confidential shall fall on the party who claims that the information has fallen into the public domain.

11. **Third Party Documents**. Other parties in this action producing documents, testimony or other materials during the course of this action may designate the same as CONFIDENTIAL INFORMATION under this Protective Order in the same manner as if produced by a party and designated hereunder.

12. **Clawback of Protected Information Inadvertently Produced**. Pursuant to Federal Rules of Evidence 502, if materials protected from disclosure by the attorney-client privilege, work product or any other privilege are inadvertently disclosed or unintentionally produced, such disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product or any other privilege to which the producing party or person would otherwise be entitled. If privileged information is inadvertently produced, the Receiving Parties agree that upon request from the Producing Party, they shall promptly return all copies of Documents containing the privilege information, and/or delete any versions of the Documents containing the privilege information on any database or computer filing system it maintains.

13. **Third Parties**. In the event the Parties or their counsel obtain information from a third party that falls within the definition of Confidential Information, a Party may designate such information Confidential Information pursuant to this Order and it shall be treated as such in accordance with this Order. In such circumstances, the Designating Party must make said designation within 10 days of receipt of the information from the third party or notification that such information has been produced by a third party.

14. **Return of Confidential Information.** Upon the final determination of this action, including the expiration of time for any further appeals, whether by judgment, settlement otherwise, within thirty (30) days of a written request of the designating party, the Receiving Parties shall return to the designating party all Confidential information, all copies of such information, and any Documents incorporating such information, except that all materials constituting work product of such counsel may be maintained in such counsel's possession. Alternatively, at the request of the Designating Party, the recipient shall destroy all such materials and certify in writing that all such materials have been destroyed.

However, the receiving party shall not be obligated to erase/return Confidential Information contained in an archived computer system maintained in the receiving party's ordinary course of business, provided that such archived copy will (i) eventually be erased or destroyed in the ordinary course of that party's data processing procedures; and (ii) shall remain fully subject to the obligations of confidentiality stated herein, until the earlier of the erasure or destruction of such copy, or the expiration of the confidentiality obligations set out in this Agreement.

15. **Modification of this Order.** Nothing herein shall prevent the Parties from applying to the Court for a modification of this Protective Order; or from applying to the Court for further or additional protective orders.

16. **No Admission.** Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript or other information.

8

17. **Jurisdiction.** The Court shall retain jurisdiction before entry of final judgment. After the entry of final judgment in this case, whether by settlement or adjudication, any party may move this Court for an Order seeking to construe, enforce, or amend the provisions of this Order.

18. **Effect.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties and persons made subject to this Order by its terms.

19. The Court notes that this Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

SO ORDERED AND ADJUDGED this the 8th day of July, 2025.

                                                                     s/ David A. Sanders
                                                                  U.S. MAGISTRATE JUDGE

AGREED TO BY:

/s/ W. Thomas McCraney, III               /s/ Chadwick M. Welch
W. Thomas McCraney, III (MSB #10171)   Chadwick M. Welch (MSB No. 105588)
McCraney, Montagnet, Quin & Noble, PLLC   Mary R. Arthur (MSB No. 103778)
                                                         Heidelberg Patterson Welch Wright